UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE MICHAEL MEDINA,

        Appellant,

    v.

DEVIN DERHAM-BURK,

        Appellee.

Case No.  25-cv-02823-PCP

**ORDER RE: BANKRUPTCY APPEAL**

Appellant Jose Medina appeals a decision of the United States Bankruptcy Court for the Northern District of California denying his motion for a return of trustee fees. The motion arose from Medina's Chapter 13 bankruptcy case. Medina sought to compel the return of fees collected by appellee Devin Derham-Burk, the Chapter 13 trustee, based on payments made to certain creditors using the proceeds from the sale of Medina's residential property. Medina claims that because the bankruptcy court dismissed his case without confirming his proposed Chapter 13 plan, the trustee was not entitled to retain her statutory fees under 28 U.S.C. § 586, as interpreted by the Ninth Circuit in *In re Evans*, 69 F.4th 1101 (9th Cir. 2023). For the reasons below, the Court finds that the bankruptcy court erred in denying Medina's motion. The ruling of the bankruptcy court is therefore REVERSED.

**BACKGROUND**

Medina filed for Chapter 13 bankruptcy in December 2023. "Chapter 13 bankruptcies provide debtors receiving a regular income an opportunity to pay off their debts while retaining their property." *In re Evans*, 69 F.4th 1101, 1103 (9th Cir. 2023). Within fourteen days after filing a Chapter 13 petition, the debtor must file a plan with the court detailing how they will pay off their debts. *Id.* The bankruptcy court must then "assess whether the proposed plan meets statutory

standards to be 'confirm[ed],' which is bankruptcy parlance for 'approved.'" *Id.* at 1104 (quoting 11 U.S.C. § 1325).

Once a Chapter 13 petition has been filed, a trustee supervises the case, "shepherding [the] petition[] through the bankruptcy process. Among other things, the trustee collects the debtor's payments, ensures that payments are timely made to creditors, and objects (when necessary) to plan confirmation." *Id.* (citing 11 U.S.C. § 1302(b)). In return, the trustee receives a statutory fee. *See id.* A "standing trustee"—*i.e.*, one appointed to supervise all the Chapter 13 cases in a particular region, *see* 28 U.S.C. § 586(b)—collects a percentage fee of no more than ten percent from payments received by creditors "under [a] plan[]." *See id.* § 586(e)(2); *Evans*, 69 F.4th at 1104. That percentage fee is paid "before or at the time of each payment to creditors under the plan." 11 U.S.C. § 1326(b).

Chapter 13 plans generally must provide for the payment of debts using the debtor's future earnings. Specifically, plans must provide for the debtor to submit a portion of his monthly income to the trustee, which the trustee then uses to pay creditors. *See* 11 U.S.C. § 1322(a)(1); *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 327 (1993). Under 11 U.S.C. § 1326(a)(1)(A), the debtor must begin making such payments to the Chapter 13 trustee "in the amount … proposed by the plan" no later than 30 days after the filing of the plan or petition. *See Evans*, 69 F.4th at 1104. And § 1326(a)(2) requires that any "payment made under [§ 1326(a)(1)(A)] shall be retained by the trustee until confirmation or denial of confirmation" of the plan by the bankruptcy court. 11 U.S.C. § 1326(a)(2). Thereafter, "[i]f a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable." *Id.* "If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors … to the debtor, after deducting" certain allowed administrative fees. *Id.*

In addition to providing for payments from a debtor's future earnings, Chapter 13 plans may provide for other means of paying creditors. *See* 11 U.S.C. § 1322; *Nobelman*, 508 U.S. at 327 (explaining that Chapter 13 allows individual debtors to design "flexible repayment plan[s]"). For example, as relevant here, a plan may "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor." 11 U.S.C. § 1322(b)(8). And

United States District Court
Northern District of California

United States District Court
Northern District of California

while the statutory scheme presumes that a debtor's payments to a trustee usually will not be disbursed to creditors until a plan is confirmed, *see* 11 U.S.C. § 1326(a)(2); *Evans*, 69 F.4th at 1107–08, it contemplates that plans may require trustees to distribute some payments to creditors prior to confirmation, *see* 11 U.S.C. § 1325(a)(2) (requiring as a prerequisite to confirmation the payment of "any fee, charge, or amount required … by the plan[] to be paid before confirmation[]"); *id.* § 1326(a)(2) (requiring that, where a plan is never confirmed, a trustee return § 1326(a)(1)(A) payments that were "not previously paid" to creditors).

Medina submitted a proposed plan to the bankruptcy court in January 2023. As required, the plan provided for monthly payments to the trustee from Medina's future income in the amount of $180.86. But the plan also proposed another way for Medina to pay off three mortgages on his residential property: Medina would seek court approval for sale of the property, and the trustee would use the proceeds from the sale to pay the mortgage creditors in full. The plan contemplated that the trustee would make payments to the mortgage creditors "upon close of escrow by demand of the chapter 13 Trustee."

In accordance with his proposed plan, Medina filed a motion to sell his residential property, which the bankruptcy court granted. The trustee then sent a written escrow demand to the title company for the amounts necessary to pay the mortgage creditors and the trustee's ten-percent fee related to those payments under § 586. After the sale closed in April 2023, the title company issued a check from escrow to the trustee, and the trustee provided checks to the mortgage creditors to cover their pre-petition claims related to Medina's residential property. The trustee also paid herself the ten-percent fee.

In June 2023, the trustee moved to dismiss Medina's bankruptcy case based on several unresolved objections. The bankruptcy court dismissed the case in September. While the motion to dismiss was pending, Medina moved to disgorge the trustee of allegedly excessive fees she had collected from the disbursement of escrow funds to the mortgage creditors, but the bankruptcy court denied Medina's motion. This Court affirmed, finding "that there is no basis in the record to find that the trustee breached her fiduciary duty." *Medina v. Derham*-Burk, No. 23-cv-4988-PCP, 2024 WL 4933348, at *1 (N.D. Cal. Dec. 2, 2024). In considering Medina's motion, both the

3

bankruptcy court and this Court noted that the Ninth Circuit's decision in *Evans*—which held that a standing trustee was required to return fees collected from a debtor's § 1326(a)(1)(A) payments when the debtor's Chapter 13 case was dismissed without confirmation of a plan—might require the trustee to return the challenged fees upon the eventual dismissal of Medina's case. But neither court had cause to address that issue because, "when the bankruptcy court denied Medina's Motion to Disgorge, his case had not yet been dismissed." *Id.* at *4.

Following the dismissal of his case without confirmation of a plan, Medina moved for a return of the trustee's fees relating to the mortgage-creditor payments. The bankruptcy court denied the motion, and Medina now appeals.

## LEGAL STANDARD

District courts have subject-matter jurisdiction "to hear appeals from final judgments, orders, and decrees … of bankruptcy judges. 28 U.S.C. § 158(a)(1). On appeal, the Court "review[s] findings of fact for clear error and conclusions of law and of mixed questions of law and fact de novo." *In re Icenhower*, 757 F.3d 1044, 1049 (9th Cir. 2014).

## ANALYSIS

Two statutory provisions determine the outcome of this appeal: 28 U.S.C. § 586(e)(2) and 11 U.S.C. § 1226(b). As interpreted by the Ninth Circuit in *In re Evans*, 69 F.4th 1101 (9th Cir. 2023), these provisions permit a standing trustee to retain fees only from payments disbursed to creditors *after* the confirmation of a Chapter 13 plan. Because Medina's case was dismissed without a confirmed plan, the trustee is not entitled to keep her fees in his case. The bankruptcy court legally erred in concluding otherwise.

"Section 586 … provides *the source of and the amount* … of trustee fees" in a Chapter 13 case. *Evans*, 69 F.4th at 1107. As discussed above, the provision authorizes standing trustees to "collect [a] percentage fee" not to exceed ten percent "from all payments received by [creditors] under plans." 28 U.S.C. § 586(e)(2). Section 1326(b) "is the specific provision governing *when* a trustee 'shall be paid': 'before or at the time of each payment to creditors under the plan[.]" *Evans*, 69 F.4th at 1107 (emphasis added) (quoting 11 U.S.C. § 1326(b)). In *Evans*, the Ninth Circuit held that the language in both § 586(e)(2) and § 1326(b) concerning payments to creditors "under

4

plans" or "under the plan" means payments made pursuant only to "confirmed" plans. *See id.* at 1107 ("'[P]ayment to creditors under the plan'" for purposes of § 1326(b) "necessarily means post-confirmation of a plan."); *id.* at 1108 ("Section 586 … provides that when a trustee *does* collect her fee pursuant to 1326(b), she does so by 'collecting' her fee 'from all payments received' under *confirmed* plans." (citation modified)). In other words, *Evans* held that a standing trustee neither earns nor can collect statutory fees in a Chapter 13 case until a plan is confirmed.

That holding squarely applies here. As the bankruptcy court recognized, § 586(e) determines the amount of fees to which the trustee is entitled. The trustee has not argued otherwise. The trustee also concedes that § 1326(b) governs when she becomes "entitled to keep her percentage fee." And it is undisputed that no plan was confirmed before the bankruptcy court dismissed Medina's case. It unavoidably follows that, under *Evans*'s reading of § 586(e) and § 1326(b), the trustee was not entitled to keep any fees.

To resist this conclusion, the trustee argues (and the bankruptcy court reasoned) that the facts of this case care are distinguishable from *Evans*. There, the proposed Chapter 13 plan contained no bespoke payment provisions, so payments were to be made under the routine schedule set forth in § 1326(a). *See* 69 F.4th at 1105. That meant that the debtors began making payments to the trustee from their earnings before their plan was confirmed, but the trustee could disburse those payments to creditors only *after* confirmation. *See* 11 U.S.C. § 1326(a)(1)–(2). If confirmation did not occur, the trustee would be required to return the payments to the debtors. *See id.* § 1326(a)(2). Here, however, Medina's proposed plan authorized the trustee to disburse payments to the mortgage creditors *before* confirmation using proceeds from the sale of Medina's residential property. The trustee therefore argues that she is entitled to "her fee that is to be paid '[b]efore or at the time of each payment to creditors under the plan'" under § 1326(b). But that argument runs headlong into *Evans*'s holding that "under the plan" means under a "confirmed" plan. *See* 69 F.4th at 1107–08. The trustee may disagree with *Evans*'s interpretation of this language, but it is binding on this Court. *See Hart v. Massanari*, 266 F.3d 1155, 1171–72 (9th Cir. 2001).

The trustee also attempts to distinguish *Evans* by arguing that the fees at issue there were

taken from payments made by the debtors under § 1326(a)(1)(A), while the trustee took her fees in this case from property-sale proceeds released from escrow. So unlike in *Evans*, she argues, § 1326(a)(2) does not compel the return of her fees in the absence of a confirmed plan. That does not change the analysis. As already explained, the Ninth Circuit has interpreted § 586(e) and § 1326(b) to mean that a standing trustee is not entitled to her statutory fee where a plan is never confirmed. *See Evans*, 69 F.4th at 1107–08. Nothing in the text of those provisions or in *Evans* suggests that they apply differently to fees taken from debtors' § 1326(a)(1)(A) payments than to those taken from other sources. Thus, the trustee was not entitled to pay herself any fees prior to confirmation, whatever their source. Whether § 1326(a)(2) applies or not, the only available remedy to the trustee's violation of § 586(e) and § 1326(b) is for her to return the fees to Medina. The bankruptcy court's contrary conclusion rested on an erroneous interpretation of the statutory scheme and *Evans*, constituting reversible legal error.

## CONCLUSION

For the foregoing reasons, the bankruptcy court improperly denied Medina's motion to return trustee fees. The ruling of the bankruptcy court is therefore REVERSED.

**IT IS SO ORDERED.**

Dated: February 17, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

6